1
2
3                       **UNITED STATES DISTRICT COURT**
4                             **DISTRICT OF NEVADA**

5   FERRING B.V.,                              )
                                               )
6                   Plaintiff,                 )
                                               )   3:11-cv-00481-RCJ-VPC
7           vs.                                )
                                               )
8   WATSON LABORATORIES, INC. - (FL) et al.,   )   **ORDER**
                                               )
9                   Defendants.                )
                                               )
10  FERRING B.V.,                              )
                                               )
11                  Plaintiff,                 )
                                               )   3:11-cv-00485-RCJ-VPC
12          vs.                                )
                                               )
13  APOTEX, INC. et al.,                       )   **ORDER**
                                               )
14                  Defendants.                )
                                               )
15  FERRING B.V.,                              )
                                               )
16                  Plaintiff,                 )
                                               )   3:11-cv-00853-RCJ-VPC
17          vs.                                )
                                               )
18  WATSON PHARMACEUTICALS, INC. et al.,       )   **ORDER**
                                               )
19                  Defendants.                )
                                               )
20  FERRING B.V.,                              )
                                               )
21                  Plaintiff,                 )
                                               )   3:11-cv-00854-RCJ-VPC
22          vs.                                )
                                               )
23  APOTEX, INC. et al.,                       )   **ORDER**
                                               )
24                  Defendants.                )
                                               )
25

These four consolidated cases arise out of Defendants' application with the Food and Drug Administration ("FDA") to manufacture and sell generic versions of a patented drug. Pending before the Court is Plaintiff's objections to the magistrate judge's order to compel. For the reasons given herein, the Court grants the motion in part.

I. FACTS AND PROCEDURAL HISTORY

These cases arise out of the alleged infringement of Plaintiff Ferring B.V.'s ("Ferring") U.S. Patent No. 7,947,739 for tranexamic acid tablets sold under the trademark Lysteda® (the "'739 Patent" or "Tablet Patent"), (*see* Compl. ¶¶ 13–17, July 7, 2011, ECF No. 1; Compl. ¶¶ 9–13, July 8, 2011, ECF No. 1 in Case No. 3:11-cv-00485), and the alleged infringement of Ferring's U.S. Patent No. 8,022,106 for tranexamic acid formulations and methods of treating menorrhagia therewith (the "'106 Patent" or "Formulas and Treatment Patent"), (*see* Compl. ¶¶ 13–17, Nov. 25, 2011, ECF No. 1 in Case No. 3:11-cv-00853; Compl. ¶¶ 9–13, Nov. 25, 2011, ECF No. 1 in Case No. 3:11-cv-00854).[1] In the '481 and '485 Cases, respectively, Ferring sued several Watson Labs entities (collectively, "Watson Defendants") and several Apotex entities (collectively, "Apotex Defendants") in this Court for infringing the '739 Patent. In the '853 and '854 Cases, respectively, Ferring sued several Watson Defendants and several Apotex Defendants in this Court for infringing the '106 Patent.

The Court consolidated the four cases, with the '481 Case as the lead case. It also granted motions to dismiss the counterclaims for invalidity and to strike affirmative defenses for invalidity in the '481 and '854 Cases, with leave to amend. The Court ruled that affirmative defenses must specify a distinct legal theory of invalidity under Rule 8(c) but need not be pled according to the *Iqbal* plausibility standard, as the counterclaims must be under Rule 8(a). Watson Defendants and Apotex Defendants amended their answers and counterclaims,

---

[1] Unless otherwise noted, the docket numbers in this document refer to Case No. 3:11-cv-00481.

1   accordingly. (*See* ECF Nos. 93, 94). Apotex Defendants later further amended its answer and

2   counterclaim. The Court has denied motions to dismiss the amended counterclaims for

3   invalidity. The Court has held a *Markman* hearing.

4         The magistrate judge has ordered Plaintiff to produce unredacted documents concerning

5   Plaintiff's abandoned project for a different tranexamic acid formulation (the "Abandoned

6   Project") that is not within the scope of the patents at issue in the present suit. Plaintiff objects to

7   that order under Rule 72(a).

8   **II.   LEGAL STANDARDS**

9         Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-

10   dispositive ruling that is clearly erroneous or contrary to law:

11         When a pretrial matter not dispositive of a party's claim or defense is referred
   to a magistrate judge to hear and decide, the magistrate judge must promptly conduct
12         the required proceedings and, when appropriate, issue a written order stating the
   decision. A party may serve and file objections to the order within 14 days after
13         being served with a copy. A party may not assign as error a defect in the order not
   timely objected to. The district judge in the case must consider timely objections and
14         modify or set aside any part of the order that is clearly erroneous or is contrary to law.

15   Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). "Under Rule 72(a), '[a] finding is "clearly

16   erroneous" when, although there is evidence to support it, the reviewing court on the entire

17   evidence is left with the definite and firm conviction that a mistake has been committed.'"

18   *Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367 (JFB)(ARL), 2009 WL 789440, at

19   *12 (E.D.N.Y. Mar. 20, 2009) (quoting *Burgie v. Euro Brokers, Inc.*, No. 05 Civ.

20   0968(CPS)(KAM), 2008 U.S. Dist. LEXIS 71386, at *18 (E.D.N.Y. Sept. 5, 2008) (quoting

21   *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602,

22   622 (1993))). "An order is contrary to law when it fails to apply or misapplies relevant statutes,

23   case law or rules of procedure." *Id.*

24   **III.   ANALYSIS**

25         Plaintiff argues that the information the magistrate judge has compelled it to turn over is

not discoverable because it is irrelevant to the present patent infringement case, and only material "that is relevant to any party's claim or defense" may be discovered. *See* Fed. R. Civ. P. 26(b)(1).[2] Plaintiff argues that its internal documents concerning the Abandoned Project are not relevant, and therefore not discoverable, because a patent owner's subjective beliefs concerning obviousness or non-obviousness are irrelevant to the issue. *See KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 406 (2007).

It is likely that the sought-after documents contain not only Plaintiff's subjective beliefs concerning the obviousness or non-obviousness of the formulations represented by the Abandoned Project, but also objective, factual information that would tend to prove the obviousness or non-obviousness of the formulations represented by the Abandoned Project. In an analytic work product, subjective conclusions are typically and naturally preceded by the objective facts upon which those conclusions are based. If Defendants' alleged infringing formulations are similar to the formulations represented by the Abandoned Project, such objective, factual information is certainly relevant in the present case, regardless of whether Plaintiff's subjective opinions that also appear in the documents are irrelevant and therefore

---

[2] Defendants misconstrue Rule 26(b)(1). Sought-after evidence must be relevant to be discoverable. "Relevant" does not have a broader meaning in the context of discovery than it does in the context of trial. There is only one definition of "relevant" in the Federal Rules of Evidence: "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. At trial, material that is inadmissible for any reason cannot be admitted. The additional latitude in discovery is not in any putative change in the meaning of "relevance," but in that "[r]elevant information" is discoverable even though inadmissible at trial, so long as its discovery is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Evid. 26(b)(1). In other words, so long as sought-after evidence is not inadmissible under Rule 402, its inadmissibility at trial under other evidence rules or doctrines is not an independent reason to preclude its discovery, so long as the discovery is reasonably calculated to lead to evidence that will be admissible at trial. But, as Plaintiff correctly notes, the relevance of the sought-after information is a non-negotiable prerequisite. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("[T]he requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied . . . .").

inadmissible.

Still, Plaintiff's concern over releasing internal assessments and strategies to a competitor is of course legitimate. The Court will therefore overrule the magistrate judge in part, requiring Plaintiff to submit the requested documents *in camera* to the magistrate judge, who will then identify irrelevant material concerning Plaintiff's subjective assessments, business strategies, etc., and order Plaintiff to produce to Defendants copies of the material as redacted by the magistrate judge, not as independently redacted by Plaintiff. The magistrate judge has discretion to manage this process to ensure the discovery of relevant material while protecting irrelevant and sensitive material.

## CONCLUSION

IT IS HEREBY ORDERED that the Objections (ECF No. 265) are DENIED.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge