UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V.,<br><br>     Plaintiff,<br><br>  v.<br><br>WATSON LABORATORIES, INC.-FLORIDA, APOTEX, INC. and APOTEX CORP.,<br><br>     Defendants. | Case Nos.: 11-cv-00481-RCJ-VPC<br>   Consolidated with:<br>   11-cv-00485-RCJ-VPC<br>   11-cv-00853-RCJ-VPC<br>   11-cv-00854-RCJ-VPC<br>   12-cv-01935-RCJ-VPC<br>   12-cv-01941-RCJ-VPC |

**STIPULATION AND _____ ORDER DISMISSING WITHOUT PREJUDICE DEFENDANTS ACTAVIS, INC., WATSON LABORATORIES, INC., AND WATSON PHARMA, INC. AND AMENDING CAPTION TO REFLECT SAME**

This stipulation is made by and between (i) Plaintiff Ferring B.V.; and (ii) Defendants Actavis, Inc. ("Actavis"), Watson Laboratories, Inc. - Florida ("Watson Labs Florida"), Watson Laboratories, Inc. ("Watson Labs") and Watson Pharma, Inc. ("Watson Pharma") (collectively, "Defendants").

WHEREAS, Plaintiff filed suit against Defendants in the above-captioned case (the "Action");

WHEREAS, Actavis, Watson Pharma, and Watson Labs maintain that they are not proper defendants in the Action;

WHEREAS, Plaintiff disagrees with the positions of Defendants stated above; and

WHEREAS, resolution of such disagreement by motion practice will consume time and expense that Plaintiff and Defendants wish to avoid by entering into this stipulation;

WHEREAS, Plaintiff is willing to dismiss its claims in the Action without prejudice as against Actavis, Watson Pharma and Watson Labs so long as (i) Actavis, Watson Pharma and Watson Labs agree to be bound by any judgment or order rendered as to Watson Labs Florida in

the Action (including appeals) as if they were named defendants; and (ii) Watson Labs Florida agrees that it will not move to dismiss the Action for lack of personal jurisdiction or seek a change in venue for purposes of this matter alone; and

WHEREAS, Defendants are agreeable to these conditions, all as specifically set forth below;

NOW THEREFORE, Plaintiff and Defendants, by and through their respective undersigned counsel in the Action, and subject to the approval of the Court, stipulate and agree as follows:

1. Actavis, Watson Labs, and Watson Pharma, including all affiliates and subsidiaries thereof, (collectively "DISMISSED ENTITIES") agree to be bound by any judgment or order, including any injunction, rendered as to Watson Labs Florida in the Action (including appeals) as if they were named defendants and agree that they will not contest personal jurisdiction for this matter alone in this Court for purposes of enforcing any such judgment or order, including the terms of this stipulation, against them.

2. DISMISSED ENTITIES agree that, to the extent they have in their possession, custody or control information that would be discoverable in the Action were they to remain as parties to the Action, they will search for and provide such discovery to Watson Labs Florida, and Watson Labs Florida will produce such discovery in response to discovery requests served on Watson Labs Florida in the Action as if it was its own.  Plaintiff may depose employees of DISMISSED ENTITIES by serving deposition notices on Watson Labs Florida, without need for service of subpoenas.  Watson Labs Florida will also accept Rule 30(b)(6) deposition notices containing topics directed to information that may be held by DISMISSED ENTITIES and the witness presented in response thereto shall investigate information in the possession, custody, or

control of DISMISSED ENTITIES.  DISMISSED ENTITIES further agree to be bound by resolution of discovery matters in this Action.  For clarity, this paragraph does not constitute a waiver of any objections or defenses to the provision of discovery that are available to parties to an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

3. Watson Labs Florida agrees that it will not contest personal jurisdiction for purposes of the Action and, as such, will not move to dismiss the Action on grounds that the District Court for the District of Nevada lacks jurisdiction over Watson Labs Florida for purposes of the Action.  Watson Labs Florida also agrees that it will not contest venue in the District of Nevada in the Action and, as such, will not move to change the venue of the Action.  Watson Labs Florida further agrees that it will provide in the Action such discovery from DISMISSED ENTITIES as agreed to by them in paragraph 2 above.

4. Plaintiff hereby dismisses without prejudice Defendants Actavis, Watson Labs, and Watson Pharma, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

5. The terms of this stipulation are made without prejudice to the respective positions of Plaintiff and Defendants as to whether DISMISSED ENTITIES are proper defendants in the Action.  The terms of this stipulation also cannot be used by Plaintiff or Defendants to argue for or against jurisdiction in the future, except as provided in paragraphs 1 and 3 above.

6. The parties further agree and stipulate that the case caption for the Action should be amended to remove DISMISSED ENTITIES, as follows:

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V., <br><br> Plaintiff <br><br> v. <br><br> WATSON LABORATORIES, INC. - FLORIDA, <br><br> Defendant. | Case No.: 2:12-cv-01935- RCJ-VPC |

7.  None of the foregoing shall be interpreted to limit Plaintiff's rights to discovery of Watson Labs Florida.

Dated: February 19, 2013                              GORDON SILVER

By     /s/ Molly M. Rezac
      MOLLY M. REZAC
      JUSTIN J. BUSTOS
      100 W. Liberty Street
      Suite 940
*Of Counsel*:                                         Reno, NV 89501
      Ph: (775) 343-7500
      Fx: (775) 786-0131


James B. Monroe
Justin J. Hasford
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

*Attorneys for Plaintiff Ferring B.V.*

Dated: February 19, 2013                     WATSON ROUNDS

                                                          By    /s/ Michael D. Rounds
                                                          Michael D. Rounds
                                                          5371 Kietzke Lane
                                                          Reno, NV 89511
                                                          Ph: (775) 324-4100
*Of Counsel*:                                Fx: (775) 333-8171

B. Jefferson Boggs
MERCHANT & GOULD PC
1701 Duke Street, Suite 310
Alexandria, VA 22314
(703) 684-2500

Christopher J. Sorenson
MERCHANT & GOULD PC
3200 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402
(612) 332-5300
                                                         .

*Attorneys for Defendants Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., Watson Laboratories, Inc.-Florida, and Watson Pharma, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

|  |  |
|---|---|
| FERRING B.V., <br><br> Plaintiff <br><br> v. <br><br> WATSON LABORATORIES, INC. - FLORIDA, <br><br> Defendant. | ) Case No.: 2:12-cv-01935-MMD-GWF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER DISMISSING WITHOUT PREJUDICE DEFENDANTS ACTAVIS, INC., WATSON LABORATORIES, INC. AND WATSON PHARMA, INC. AND AMENDING CAPTION TO REFLECT SAME**

It is SO ORDERED, this 11th day of March, 2013.

_____
United States District Judge

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of WATSON ROUNDS, and that on this date a true and correct copy of the foregoing document, **STIPULATION AND [PROPOSED] ORDER DISMISSING WITHOUT PREJUDICE DEFENDANTS ACTAVIS, INC., WATSON LABORATORIES, INC., AND WATSON PHARMA, INC. AND AMENDING CAPTION TO REFLECT SAME**, will be served upon counsel of record via electronic mail through the United States District Court's CM/ECF system.

DATED February 19, 2013        /s/ Jeff Tillison
                               An Employee of Watson Rounds